In the Matter of the Application of MARY E. McMENAMY, Petitioner, for an Order Directed to ARTHUR N. AITKEN, Individually and as Superintendent of Niagara County Sanatorium, Respondent, Directing Him to Reinstate Petitioner, etc.— Determination confirmed, without costs. All concur, except Dowling, J., who dissents and votes for annulling the determination, in the following memorandum: The petitioner was tried on twenty specifications which charged her with incompetency, misconduct, unfitness for the position which she held and with untruthfulness in detailing her complaints to the board of managers of Niagara Sanatorium. The evidence indicates that each charge made by the petitioner has substantial support in the evidence. True the petitioner used language in detailing her complaints that was a little more picturesque than the facts warranted. But the evidence does not warrant a finding that she was guilty of deliberate misstatement in this regard. The important and serious charges lodged against the petitioner are set forth in specifications 8, 10, 14, 17, 18 and 19. The evidence does not sustain these charges and the trier of the fact made no findings in respect thereto. The fact that the petitioner did not attend a clinic a half hour earlier than was the usual practice and that she failed to attend a clinic after she made her charges before the board of managers were minor infractions of duty and not sufficient to warrant removal. The petitioner observed certain practices in the institution which, in her judgment, were inimical to the best interests of the institution and she registered her objections in no uncertain terms. She was too outspoken for her own interests. Is a public servant to be penalized because he or she is outspoken in criticism of improper practices? There is no finding or suggestion that petitioner was not a competent and skillful physician. There is a finding (No. 20) that the petitioner conducted herself in an arrogant, antagonistic and uncooperative manner towards other members of the sanatorium

staff personnel and patients. There is no evidence to support this finding. There is no evidence that any one complained of the petitioner's conduct prior to the time she made her complaints to the board. From that point on every one concerned was out of step with petitioner. The similarity of the testimony of the witnesses called to sustain the charges is so manifest as to weaken its probative value. The charges for the most part are frivolous and the finding that the petitioner was non-co-operative is clearly against the weight of the evidence. In fact the superintendent reported to the board of supervisors of Niagara county, covering the period from November, 1938, to and including October, 1939, what a harmonius staff he had under him. The evidence does not indicate that the petitioner was the cause of any disharmony which may have existed between members of the staff. Her whole fight was to get co-operation among the staff, the nurses and the other employees of the institution. Her charges were lodged in good faith and the important ones were substantiated by the evidence. I am unable to find any evidence that the petitioner was unfit to hold her position I think she was a faithful servant fearlessly trying to remedy certain practices which she honestly believed to be inimical to the welfare of the inmates of the institution. Because other members of the staff and certain nurses resented her criticisms is no proof that she was non-co-operative or unfit to hold her position. I think a grave injustice has been done to the petitioner because she had the courage to speak out boldly in criticism of practices which she felt needed an airing. The determination should be annulled and the proceeding dismissed on the merits and petitioner be reinstated to her position with pay. (The order transfers the proceeding, under article 78 of the Civil Practice Act, to the Appellate Division for determination.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.